# UNITED STATES DISTRICT COURT

___SOUTHERN_____ District of ___OHIO_____

UNITED STATES OF AMERICA
v.

Derek Sellers

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:11cr030

USM Number: 18812-052

Candace Crouse, Esq.
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    1 and 2 of a Superseding Information

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2423(b) | Travel with intent to engage in Illicit Sexual Contact | 12/22/2010 | 1 |
| 18 USC 2252(a)(2) & (b)(1) | Receipt of Child Pornography | 12/22/2010 | 2 |

     The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   1 and 2 of the Indictment    ☐ is   X are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 28, 2013
Date of Imposition of Judgment

*/s/ Michael R. Barrett*
Signature of Judge

Michael R. Barrett, United States District Judge
Name and Title of Judge

March 29, 2013
Date

DEFENDANT: Derek Sellers
CASE NUMBER: 1:11cr030

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Count 1: One Hundred Fourteen (114) months with credit for time served
Count 2: One Hundred Fourteen (114) months concurrent with Count 1

☒ The court makes the following recommendations to the Bureau of Prisons:
The Defendant NOT be placed at a BOP facility in Atlanta, Georgia;
The Defendant be placed at a BOP facility in the southeastern portion of the United States.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Derek Sellers
CASE NUMBER: 1:11cr030

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Count 1: Thirty (30) years
Count 2: Thirty (30) years concurrent to Count 1

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

X    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Derek Sellers
CASE NUMBER: 1:11cr030

## ADDITIONAL SUPERVISED RELEASE TERMS

1.) Pursuant to 42 U.S.C. § 16913(a), the defendant shall register, and keep the registration current, in each jurisdiction where the defendant resides, where he is an employee, and where the defendant is a student. For initial registration purposes only, the sex offender shall also register in the jurisdiction where convicted, if such jurisdiction is different from the jurisdiction of residence.

If the state of residence is not accepting sex offender registrations pursuant to SORNA and unable to accept the defendant's registration, the defendant must maintain contact with state registration authorities and his probation officer to determine when such registration can be accepted. The duty to register may continue after the expiration of the defendant's federal supervision, and any existing duty to register under state law is not suspended and will remain in effect until the state implements SORNA of 2006. If the defendant's supervision transfers to another federal district, the defendant duty to register as a required by SORNA shall be governed by that district's policy and laws of that state.

2.) The defendant is ordered to pay any balance remaining on the fine and special assessment and disclose financial information to the Probation Department upon request. The defendant is prohibited from incurring any new credit charges or establishing additional lines of credit until the special assessment is paid in full.

3.) The defendant shall not possess or view pornography of any kind.

4.) The defendant shall participate in a sex offender treatment program, to include a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed. The defendant shall also be subject to periodic polygraph examinations at the discretion and direction of the probation officer and at the defendant's expense. The defendant shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office. The defendant shall sign all necessary authorizations forms to release confidential information so that treatment providers, probation officers, polygraph examiners and others (as necessary) are allowed to communicate openly about the defendant and his relapse prevention plan.

5.) The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.

6.) The defendant shall have no contact with any minor children. Contact with minors shall not be permitted even with supervision unless otherwise approved by the Court. The term contact extends to forms of communication such as mail, telephone, and other forms of electronic communication. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc. with whom the defendant must deal in order to obtain ordinary and usual commercial services. The defendant would still be permitted to have contact with his daughter.

The defendant shall be prohibited from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc.

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

7.) The defendant shall not rent or use a post office box or storage facility without prior approval of the probation officer, and if approved, any change must be communicated to the probation officer 72 hours prior to the change.

8.) The defendant is required to install software to monitor computer activities on any computer the defendant is authorized to use at the defendant's own expense. The software may record any and all activity on the defendant's computer, including the capturing of keystrokes, application information, internet use history, email correspondence, and chat conversation. This software will be checked on a random basis. The defendant has no expectations of privacy regarding computer use or information stored on the computer if monitoring software is installed and understands and agrees that information gathered by said software may be used against the defendant in subsequent court actions regarding the defendant's computer use and conditions of supervision. The defendant must also warn others of the existence of the software program. The defendant is prohibited from attempting to remove, tamper with, or alter/circumvent in any way the software program. Furthermore, the defendant must comply with the rules set forth in the computer monitoring participation agreement.

9.) The defendant shall participate in random drug testing and treatment at the direction of the Probation Officer.

10.) The defendant shall be subjected to reasonable suspicious searches involving real property, personal property and electronic property at the direction of the Probation Officer.

DEFENDANT: Derek Sellers
CASE NUMBER: 1:11cr030

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Derek Sellers
CASE NUMBER: 1:11cr030

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

The Defendant shall pay $25 per quarter while incarcerated if he is working in a NON-UNICOR job. If the Defendant is working in a grade one to four UNICOR job, he shall pay 50% of his monthly pay toward his fine obligation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
See page 8.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Derek Sellers
CASE NUMBER: 1:11cr030

## ADDITIONAL FORFEITED PROPERTY

1. Server Drawer, Yellow Google SR222P2GG621 (Including encased hard drives);
2. Homemade CPU Tower (Black) SN C09030402005;
3. Dell Computer Tower (White) SN GWNYBF1;
4. Aspire Easy Store 1TB Drive SN PGT170W0079180227330A1, Containing 1 Hard Drive Western Digital;
5. Dell Tower (Black) Service Tag 2SB7J71;
6. Gateway Laptop SN P288801005448, Black Model M52252 DVD-R Drive;
7. Panasonic DMC T23 Digital Camera SN FH7KD08739R;
8. Clear CD Case w/ 11 CDs;
9. HP Laptop SN CNF6441PRQ Pavilion Entertainment PC Black w/DVD-R Drive;
10. Toshiba Drive, SN 59JBP05RTF55 External Blue/Black;
11. Iriver MP3 Player, SN 131102041201564;
12. Seagate 120 GB Laptop HDD, SN 3PL052BV;
13. Sony PSP SN PP134332138- PSP 1001;
14. HP Pavilion 500 Tower, SN KR23303005, 6 Recovery CDs found in top software holder of CPU;
15. Toshiba Laptop Black SN- unreadable, DVD-R Drive and Memory Card in slot;
16. XBOX360 SN 082916273407;
17. Playstation 3, SN CE124541045-CECHA01;
18. Purple Sony Microvault Drive "512M" Thumbdrive;
19. Western Digital HD, SN WCAS84096277;
20. HP Thumbdrive 4 GB;
21. Datastick Pro 4GB;
22. Spindle of CDs (47);
23. Sony 16GB Memorystick Pro Duo K705L2L;
24. Acer Aspire Revo RT3090, SN PTSCX0C0110170BE662701;
25. Two (2) CDs;
26. Eight (8) Floppy Disks (found in toolbox);
27. Black, Case Logic CD Holder;
28. Spindle of CDs (69);
29. XBOX 360S, SN 451047701805;
30. Lacie HD, SN 181884BE85 w/ Power Cord;
31. Fuji File MF2HD Floppy Disk, Lilliput 250 MB CDR;
32. IBM Deskstar HD, SN A2H19TEB;
33. WD HD Enterprise Storage 300 GB, SN WXD0CB9E9218;
34. Seagate HD in Metal Case, SN 6VM2J7AT;
35. Sony Cybershot Camera DSC-T900, SN 549849;
36. Seagate Barracuda LP 2TB HD, SN 6XW1P9TV;
37. Seagate HD Barracuda LP 2TB w/Metal Casing, SN 5XW028NJ;
38. Seagate HD Barracuda 7200.11 1500 GB, SN 9VS1E7X3;
39. Seagate HD Barracuda LP 2TB, SN 9XW0AH41;
40. Seagate HD Barracuda LP 2TB, SN 6XW1P8ZY;
41. Seagate HD Barracuda LP 1.5 TB, SN 6XW01EC6;
42. Seagate HD Barracuda 7200.11 1500 GB, SN 9VS1HQD4;
43. WL1500GBS HD, P/N WL1500GSA872;
44. Seagate HD Barracuda LP 2TB, SN 6XW1CT38;
45. WL1500GBS HD, P/N WL1500GSA872;
46. Thirty Five (35) Loose CDs and Sixty (60) CD Cases Containing CDs;
47. Blackberry Cellular Telephone, PIN 22D28584;
48. Black Thumb Drive w/ tape on one side, Letters WIN(Remaining Unreadable);
49. Black Thumb Drive w/ tape on one side, Letter M(Remaining Unreadable);
50. Black Power Cord w/ Cigarette Lighter Adapter on one end;
51. Black TomTom J671181000PJ w/ Black Power Cord w/ Cigarette Lighter Adapter;
52. USB Hub w/ Two Cords 0414G4-0061CS;
53. Micro SD San Disk w/ Red and Blue Label;
54. Six (6) Compact Discs;
55. IPOD, Black Face/Silver Back 160 GB, SN 8K8271ZYYMX;
56. Logitech Thumb Drive, SN LZ83178;
57. All storage devices, including but not limited to, zip drives, hard drives, compact discs, SD memory cards, floppy discs, VHS tapes, cassette tapes, documents, all other items agreed to by the parties to be forfeited;
58. Blackberry Cellular Telephone, PIN 304BE894; and
59. All pornographic material, whether depicting adults or minors or both, and all photographs which depict minors, other than photographs of clothed minor members of the defendant's family.

**CRIMINAL CASE NUMBER** <u>1:11cr030</u>

**U.S.A. -vs- Derek Sellers**

Policy Change, 8/13/01, Restricting Public Disclosure of the Statement of Reasons

**THE STATEMENT OF REASONS PAGE IS FILED UNDER SEAL FROM THE ORIGINAL JUDGMENT FILED IN THIS CASE.**

**THESE PAGES ARE NOT FOR PUBLIC DISCLOSURE; THEREFORE, DISCLOSURE OF THESE DOCUMENTS SHALL BE BY ORDER OF THE COURT ONLY.**

**JOHN P. HEHMAN, CLERK**

**BY:** _Ba Crum_
**Deputy Clerk**

**DATE:** 4/1/13